**ALBERT Y. DAYAN**  80-02 Kew Gardens Rd., # 902, Kew Gardens, N.Y. 11415
Attorney at Law            Tel: (718) 268-9400:    Fax: (718) 268-9404

**By ECF:**

March 20, 2017

The Honorable Stanley R. Chesler
United States District Judge
District of New Jersey
2 Federal Square
Newark, New Jersey 07102

Re: United States v. Ahmed Elsoury
Criminal No.: 16-562 (SRC)

Dear Judge Chesler:

Please accept this letter as a motion to preclude the government from offering in evidence statements of defendant in the form of tape recordings surreptitiously recorded by a government informer. This, on the grounds that allowing the same would deprive defendant of due process of law.

The Facts

Defendant, Ahmed El Soury, a physician, is charged with conspiracy and other offenses arising out of an alleged scheme to elicit kickbacks to induce him to refer blood specimens of his Medicare and private insurer patients to a specified laboratory, Biodiagnostic Laboratory Services, for testing.

During the investigation of these charges, at the direction of the government and under the government's supervision, an informer had a series of conversations with defendant concerning and relevant to defendant's alleged participation in the scheme. The informer had been a friend and patient of Dr. El Soury and was an indicted member of the charged conspiracy who had plead guilty and was cooperating with the government to mitigate his sentencing exposure. The informer was used by the government to try to trap Dr. El Soury into making tape-recorded admissions that he had accepted kickbacks.

The first recorded conversation took place during a face-to-face meeting between the informer and defendant which occurred on 5/21/13. The second, also during a face-to-face encounter, was tape-recorded by the informer on 12/9/13. The third, fourth and fifth conversations

were all on 3/20/14, at 9:21 a.m., 10:11 a.m. and 10:11 a.m., respectively, and occurred over the telephone. Of these last three telephone calls the informer elected to tape record only the third conversation even though the calls took place within minutes of each other and over the same telephone.*

Although the informer, in the conversations that he recorded, tried mightily to draw admissions of guilt from defendant by suggesting that defendant was engaged with Biodiagnostic Laboratory Services in a kickback scheme, he failed to do so. Nor, did defendant, in the taped exchanges, affirmatively deny wrongdoing. But, in the unpreserved conversations Dr. El Soury made it absolutely clear - in response to repeated suggestions to the contrary by the informer - that he had never taken money from Biodiagnostics, that is, that he never took kickbacks.

At a time prior to the first clandestine approach to Dr. El Soury by the government agents, by means of the deceptive use of an informant, the doctor was served with a subpoena to appear before the grand jury that was investigating the Biodiagnostics kickbacks scheme. Dr. El Soury was a target of that investigation. Upon consulting with an attorney the doctor was advised, among other things, that if contacted by government agents he should not speak with them in the absence of counsel; that he had the right to remain silent and that he should exercise that right.

El Soury's then attorney informs me that, at that time, she advised the government that she represented the defendant and that any attempts of the government to contact or to speak with him should be arranged only through counsel.

Due Process

Selective Recording
Destruction Evidence

The willful destruction of exculpatory evidence by government actors or their practice of "selective recording" violates the due process rights of a defendant unless the government can show that no

---

\* Only three tapes were produced in discovery, those of 5/21/13, 12/9/13 and 3/20/14 at 10:11 a.m.. When inquiry was made by defense counsel about additional tapes the prosecutor denied knowledge of the existence of such and denied knowledge even of the fact that additional conversations had occurred. We do not suggest that the prosecutor was involved in or had knowledge of any "selective recording" or destruction of a tape.

prejudice has accrued to defendant. United States v. Bufalino, 576 F.2d 446, 450 (2d Cir. 1976) (Where government informers have made recordings of a defendant and destroyed such recordings deliberately, "sanctions will normally follow, irrespective of the perpetrator's motivation, unless the Government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant."); United States v. Feeks, 879 F.2d 1562, 1564 n.2 (7th Cir. 1989) ("Our sympathies may well be aroused... by an allegation that the government introduced selective conversations from a catalogue of conversations, or deliberately destroyed certain tapes or selectively taped or edited taped conversations, all of which might run afoul of the constitutional guarantee of due process . . .."): United States v. Andreas, 216 F.3d 645 (7th Cir.2000)("... evidence that an informant selectively failed to record exculpatory evidence would raise due process concerns ...."

Here, defendant would be sorely prejudiced if the government were allowed to introduce the "selectively recorded" statements. For, while the tapes contain no direct admissions of guilt the government would presumably argue that defendant's failure to deny the informer's suggestions of wrongdoing may be taken as evidence of consciousness of guilt or an admission of guilt by silence. Of course, if the informer had not "selectively recorded" and had preserved the exculpatory tapes, Rule 106 of the Federal Rules of Evidence would come into play requiring admission of the "missing" tapes thereby refuting the false claim that defendant had not denied the informer's suggestions.*

The government may argue that defendant could not be prejudiced by the informer's determination not to record the pertinent conversation or preserve the tape since it's contents would be inadmissible under Rule 106 as a hearsay exculpatory statement. United States v. Terry, 702 F.2d 299, 314 (2d Cir. 1983)  This argument is baseless because defendant's exculpatory statements on the "missing" tapes would not be offered for their truth. They would be offered only to prove that they had been made - that Dr. Soury had not remained silent in the face of the informer's suggestions of wrongdoing.

Accordingly, defendant would improperly be denied the protection of Rule 106 if his tape-recorded statements were admitted in evidence.

---

* Rule 106, Federal Rules of Evidence

If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.

3

Right to Counsel

An unindicted grand jury witness, even if he is a target of that grand jury's investigation, is not the beneficiary of the "right to counsel"- under the Sixth Amendment - in that he is not "accused" of a crime. United States v. Mandujano, 425 U.S. 564 (1976) (plurality opinion). The witness does, however, enjoy a similar constitutionally protected "right to counsel" - under the Fifth Amendment - for the reason that he, like an "accused" is "faced with the prosecutorial forces of organized society and immersed in the intricacies of substantive and procedural criminal law." See, In re Special Grand Jury No. 81-1, 676 F.2d 1005 (4th Cir.1982),* citing, Kirby v. Illinois, 406 U.S. 682, 689, (1972). As stated by the 7th Circuit in In re Schmidt, 775 F.2d 822, 824 (1985), a grand jury witness has "a right under the due process clause to be free of unjustified interference by the government in a private arrangement between client and lawyer." See also, United States v. Ramsey, 785 F.2d 184 (7th Cir.1986); In re Process, 814 F.3d 906, (8th Cir. 2015 ). A grand jury witness' "right to counsel" under the Fifth Amendment is not coextensive with that under the Sixth Amendment, for example, he may not insist that counsel accompany him into the grand jury room. And while the witness does not have the right to have counsel appointed for him, "he has a substantial interest in continuing to receive the assistance of counsel he has already retained for purposes of the grand jury investigation." In re Special Grand Jury No. 81-1 at 1010.

Certainly then, a targeted grand jury witness has the right to receive and act upon advice of counsel without surreptitious interference by government agents.

Conclusion

For the reasons stated above defendant's motion should be granted or an evidentiary hearing should be ordered on whether the government "selectively taped" or destroyed exculpatory evidence.

Respectfully submitted,

/s/ Albert Y. Dayan
Albert Y. Dayan
Attorney at Law

---

\*    Vacated and withdrawn when grand jury indicted target and he became fugitive, 697 F.2d 112 (4th Cir. 1982) (en banc.)